## Laughlin McLaughlin *v.* Zenas A. Clark.

Clark sold McLaughlin goods to the amount of five hundred dollars, and took McLaughlin's note for the amount, with the understanding that Clark should receive of McLaughlin cash notes in payment of the same. Clark placed the note for five hundred dollars in the hands of one Neill, an attorney, for collection, who brought suit on the same. McLaughlin placed notes in the hands of Neill for collection, and took a receipt from Neill stating that the proceeds of said notes, when collected, should be applied to the payment of McLaughlin's note to Clark, on which suit was then pending. Judgment was obtained on the note in favor of Clark, and execution issued. Neill, the attorney, collected $250 of the notes left with him to be applied to the payment of Clark's note, and carried the same with him to Texas. Before the judgment was obtained, Clark wrote a letter to Neill, instructing him to "withdraw a suit of him the said Clark against the said McLaughlin, and to receive the claims which McLaughlin had proposed to give him to be collected for the use of Clark." Held by the court, that this state of facts was not sufficient to enjoin the collection of the judgment against McLaughlin, as the letter identified no particular suit, and the default of Neill, the attorney, was not the act of Clark, but of McLaughlin's own agent.

WILLIAM THOMPSON for complainant.

The deposition of Rainey disproves the answer of Clark wherein he states he never agreed that Neill, the attorney for him in prosecuting the suit against McLaughlin, should receive claims to collect for him. The witness proves that he did send such written authority by him to Neill, and instructed him to dismiss the suit against McLaughlin, and receive the claims and collect them for his (Clark's) use.

We contend, then, that Clark should be the loser by the attorney's default in carrying off the money he had collected, and the claims placed in his hands which were not collected, and that an account should be ordered.

WILLIAM YERGER for respondent.

This question is exceedingly simple and plain. If complainant, from his own showing, did not hand the notes to Neill before

court, the suit was not to be dismissed; therefore as he does not allege that he gave the notes to Neill before court, he cannot complain of the judgment.

The answer sets up another ground: that McLaughlin put the claims in the hands of Neill, took the receipt of Neill, and held it and still holds it; that he never furnished to him (Clark) the means to investigate the matter, to call upon Neill for a settlement, to ascertain what had been collected or what could be. McLaughlin, by holding the receipt in his own hands, kept Clark in utter ignorance. He did not know what claims had been placed in the hands of Neill, if any; he could not apply to a single debtor, nor had he any means to find out who the claims were on until this bill was filed. Complainant alleges two hundred and fifty dollars was paid to Neill. He might as well have said the whole was paid. He has no proof that a cent was paid. Clark was utterly ignorant upon the subject, and has said nothing about it. But if any thing was paid, why did not McLaughlin have it settled and applied, or give to Clark the means to call upon Neill?

The case presents these points—

1. Complainant cannot complain of the judgment, as he does not allege that he handed over the notes to Neill before court. If he did he could not be relieved against it without paying what is due.

2. Clark was to give credit for nothing but what was actually collected, and there is no proof that anything was collected. The allegation that two hundred and fifty dollars was collected, is an admission that the balance was not; so there is no dispute about the balance. See exhibit B. in the bill.

3. McLaughlin held the receipt of Neill; he alone could have called upon Neill or upon the debtors in exhibit B.; failed to do so; does not pretend that he furnished to Clark any information, even so much as that he had put any claims in the hands of Neill. It would be a gross fraud in McLaughlin to throw this loss upon Clark, withholding from him, as he did, the means to help himself, and all information. And as to the claims which the bill admits are uncollected, McLaughlin controls them. He still holds the receipt and can cancel it. Clark has no authority to call upon the debtors.

Laughlin McLaughlin *v.* Zenas A. Clark.

The CHANCELLOR.

The complainant was indebted to the defendant in the sum of five hundred and sixty dollars, and was to give the defendant notes on third persons, to be collected and applied to the discharge of such indebtedness. The defendant sued on the original agreement, and obtained a judgment, which this bill is filed to injoin, upon three grounds.

First. That the complainant, by agreement, placed in the hands of one Neill, as the attorney of Clark, other notes, which were collected in part by Neill, who fled the country, carrying the money so collected with him.

Second. That Neill, as the attorney of Clark, deceived him, by taking a judgment against him contrary to his promise.

Third. That Clark wrote a letter to Neill, instructing him to dismiss the suit against the complainant, and to receive notes from him, and collect them for his (Clark's) use.

All these allegations are flatly denied by the answer, which says, that if any claims were placed in Neill's hands by the complainant, (which is denied,) that it was purely an arrangement between Neill and complainant, with which the defendant had nothing to do.

The deposition of Rainey, the only witness, is altogether too vague and indefinite to overrule the positive denials of the answer. It will apply about as well to one case as another. There is nothing in it to show that the transaction to which the witness refers is the one under consideration. But giving to it its fullest weight, it falls far short of sustaining the complainant's bill. He states that he carried a letter from Clark to Neill, instructing Neill to dismiss a suit which Clark had brought against the complainant, and to receive from the complainant the claims he had proposed to give, and to collect them for his (Clark's) use. What suit was to be dismissed? It is not described by date, sum, or other designation. What claims were to be received? Upon whom? For what sums? But suppose it to be sufficiently definite to apply to this transaction, it proves nothing more than a mere proposition on the part of the complainant to let the defendant have certain claims. Were such claims ever delivered to the defendant or his agent? There is no proof to that point. It is

true there is a paper purporting to be the receipt of Neill, of certain claims to be collected for Clark's use, exhibited with the bill; but it is not only not proved, but its genuineness is denied by the answer.

Let the injunction be dissolved, and complainant's bill dismissed at his cost.